IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Corey Jawan Robinson, ) | |
| ) | Civil Action No.: 5:18-cv-00382-JMC |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| SCDC Director; Ms. McKensey; Ms. ) | |
| Mitchell; Classification over Murry Dorm; ) | |
| Warden, Lee Correctional Institution; ) | |
| Warden, Broad River Correctional ) | |
| Institution; Warden, Perry Correctional ) | |
| Institution; Classification over Q-4 Perry ) | |
| Correctional Institution; Ms. Macon, and ) | |
| Broad River Correctional Inst. Grievance ) | |
| Personnel, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The matter before this court is Plaintiff Corey Jawan Robinson's *pro se* Complaint broadly alleging "discrimination; sexual harassment; harassment; 8th Amendment, 14th Amendment; deliberate indifference, federal conspiracy; gross negligence; illegal confinement; false imprisonment; 13th Amendment, 5th Amendment, [and] double jeopardy." (ECF No. 1 at 6.) Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02, the matter was referred to the United States Magistrate Judge for pre-trial handling. On March 6, 2018, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's action be dismissed. (ECF No. 11.) For reasons set forth herein, this court **ACCEPTS** the Magistrate Judge's Report, **OVERRULES** Plaintiff's objections, and **DISMISSES** the Complaint.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The court has conducted a careful review of the record and concludes that the factual and

1

procedural determination of the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (ECF No. 11.) The court recites only the facts which are relevant to the analysis of Plaintiff's Objections.

Plaintiff, an inmate at Broad River Correctional Institution, part of the South Carolina Department of Corrections' ("SCDC") prison system, complains that he was denied a kitchen job, or other outside job, which would provide him with more work credits than he receives from the dorm-worker job assigned to him. Plaintiff concedes SCDC staff informed him that he cannot receive an outside job until he reached a six-month period of discipline-free behavior. (ECF No. 1 at 7, 9.) He claims this denial was in retaliation for a lawsuit he filed, and these actions amount to a "conspiracy to keep [him] in prison for lawsuit[.]" (*Id.* at 9.)

In addition, Plaintiff claims to be subjected to "sexual assault" because he is being touched inappropriately during searches and subjected to sexual harassment during strip searches when his "time is up." (*Id.* at 11.) Plaintiff is requesting injunctive relief, as well as $250,000.00 for all of his claims in addition to other monetary damages. (*Id.* at 11.) Plaintiff has filed timely Objections to parts A, B, D, and E of the Magistrate Judge's Report. (ECF No. 14.)

## II.    STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Because Plaintiff is a *pro se* litigant, the court is required to liberally construe his argument. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). While federal courts assume *pro se* allegations to be true, *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003), the liberal construction requirement does not mean this court can ignore a clear failure in the pleading to allege facts that set forth a currently cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III.    ANALYSIS

**A. Eighth Amendment, Fourteenth Amendment, and Discrimination Claims**

The Magistrate Judge determined Plaintiff failed to allege plausible Eighth or Fourteenth Amendment claims because these claims are not available on the basis of a prisoner request for a certain type of job. (ECF No. 11 at 4.) Plaintiff admitted in his Complaint he was informed that a sufficient number of months had not yet passed since his last disciplinary violation, which the Magistrate Judge recognized as evidence indicating Defendants are following an established policy to which Plaintiff simply disagreed. (*Id.*) Furthermore, Plaintiff's allegations are not the type of discriminatory action contemplated by the courts that have allowed job-related claims to go forward. (*Id.* (citing *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991); *Thomas v. Pate*, 493 F.2d 151, 156 (7th Cir. 1974)).)

    i.    Eighth Amendment Claim

The Eighth Amendment states "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Plaintiff asserts that SCDC's deprivation of his opportunity for an outside job and the "earned good time" which

follows amounts to cruel and unusual punishment, (ECF No. 14 at 1), yet does not present any facts or law establishing why the denial is a violation of the Eighth Amendment. (*Id.*) Instead, Plaintiff objects by referring the court to his original Complaint, followed by a recitation of allegations from his Complaint. An objection cannot be a simple recitation of the Complaint, but must specifically address the determination set forth in the Magistrate Judge's Report. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). When a plaintiff fails to provide a specific objection, the court must only satisfy itself that there is no clear error on the face of the record. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.2d 310, 315 (4th Cir. 2005). For the reasons set forth, Plaintiff fails to assert a plausible Eighth Amendment claim.

  ii.  Fourteenth Amendment Claim

The Equal Protection clause reads, " [n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens . . . nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend XIV, § 1. Alternatively, 42 U.S.C. § 1983 provides an individual the right to sue state government employees and others acting "under color of state law" for civil rights violations. *See* 42 U.S.C. § 1983.

Plaintiff's Objection, just as in his Complaint (ECF No. 1), fails to provide facts or law demonstrating a violation of the Fourteenth Amendment. (ECF No. 14 at 1.) In fact, Plaintiff again references his Complaint to support the assertions presented in his Objection and claims discrimination because he has filed a lawsuit and has medical problems. (*Id.* at 1-2.) Despite not having met his six-month requirement of discipline-free behavior, Plaintiff claims that he has met the requirements for being assigned an outside job, yet does not explain why the required discipline-free period should not be considered by SCDC. (*Id.*) In addition, Plaintiff does not allege in his Objection a nexus between the denial of an outside job and his status as a protected

class under the Equal Protection Clause, such as race, sex, or sexual orientation. (ECF No. 14 at 1.) Nonetheless, a particular job for inmates in the prison system is not recognized as a constitutional right protected under the Fourteenth Amendment. *See Harris v. Murray*, 761 F. Supp. 409, 415 (E.D. Va. 1990).

      iii.     Discrimination Claim

Plaintiff does not provide facts establishing a discrimination claim. Claims of discrimination require a showing that (1) Plaintiff engaged in protected activity, (2) the Defendants took action that adversely affected Plaintiff, and (3) a causal relationship between the protected activity and Defendant's conduct. *See Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017). Plaintiff fails to set forth facts which connect either his litigation history or his medical condition to the denial of an outside job. (ECF No. 14 at 3.) In turn, Plaintiff does not explain how he would have been granted an outside job were it not for his litigation history or medical condition. (*Id.*) Thus, Plaintiff has not provided sufficient facts to claim discrimination.

    **B. Sexual Harassment Claim**

Because Plaintiff used the words "sexual harassment" in a conclusory manner in his Complaint without providing factual allegations to support these charges, the Magistrate Judge determined that Plaintiff failed to bring a plausible claim under this theory. (ECF No. 11 at 7.)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) sets forth the pleading standard under Rule 8(a) of the Federal Rules of Civil Procedure: " . . . [while] a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief'" . . . "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

While allegations of sexual harassment may be presented as a violation under § 1983, *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2nd Cir. 1997), two elements must be met. The first element is objective, constituting a repetitive and severe pattern of abuse by a prison officer. *Harris v. Zappan*, No. CIV A 97-4957, 1999 WL 360203, at *4 (E.D. Pa. May 28, 1999) (citing *Boddie*, 105 F.3d at 861). The second element is subjective and requires a "sufficiently culpable state of mind" on behalf of the officer. *Id.*

While the abuse itself may be sufficient to demonstrate the culpability requirement, *id.* (citing *Boddie*, 105 F.3d at 861), Plaintiff fails to meet the objective requirement to bring a cause of action under § 1983 because a single incident is not in and of itself severe. Moreover, Plaintiff's allegations about routine touches during searches do not indicate a severe or repetitive nature on its face. By solely reciting in his Objection the exact allegation brought forth in his Complaint, Plaintiff has failed to sufficiently object to the Magistrate Judge's determination that Plaintiff has not presented a plausible claim of sexual harassment.

### C. Fifth Amendment Double Jeopardy Claim

The Double Jeopardy Clause states, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Supreme Court defined the scope of the Double Jeopardy Clause in *Hudson v. United States*:

> We have long recognized that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, "'in common parlance,'" be described as punishment. The Clause protects only against the imposition of multiple *criminal* punishments for the same offense, and then *only when such occurs in successive proceedings*.

*Hudson v. United States*, 522 U.S. 93, 98-99 (1997) (second emphasis added) (citations omitted).

The Magistrate Judge's Report explains that the Double Jeopardy Clause does not apply to prison disciplinary actions. (*Id.* at 10 (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)

("Prison disciplinary proceedings are not part of a criminal prosecution . . . ."); *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (citation omitted) (finding it well-established that prison disciplinary sanctions do not implicate the Double Jeopardy Clause)).) Additionally, the Report states that "a prison official's decision about inmate job assignments does not equate with a sentencing court's imposition of criminal penalties" and that no plausible claim of double jeopardy is available where the prisoner claimed the prison's refusal to allow him to work a job because his crimes violated that right. (ECF No 11 at 10 (citing *Sanders v. Bassett*, No. 7:04-cv-00533, 2004 WL 3397937, at *2 (W.D. Va. Sept. 14, 2004)).)

By asserting double jeopardy because Plaintiff is serving a longer sentence than he believes he is entitled to, Plaintiff misconstrues the objective purpose of the Double Jeopardy Clause. Nowhere in Plaintiffs' Complaint or Objection does he explain how a failure to shorten his sentence constitutes an additional punishment in accordance with the Double Jeopardy Clause. (ECF No. 14.) In turn, the fact that Plaintiff was denied an outside job which would shorten his sentence fails to constitute a violation of the Fifth Amendment.

**D.  Illegal Confinement, False Imprisonment, Conspiracy, and Gross Negligence Claims**

The Magistrate Judge determined that Plaintiff's §§ 1983 and 1985 claims for illegal confinement, false imprisonment, conspiracy, and gross negligence failed because the underlying constitutional claims were deficient. (ECF No. 11 at 10.)

In his Objection, Plaintiff points to his Complaint, (ECF No. 1), as providing the facts necessary to support these claims, (ECF No. 14 at 3). He also references a case, "*Bolin v. SCDC*," in his Declaration, (ECF No. 14-1), as support for his right to an outside job which would shorten his sentence, yet does not explain how the case supports his assertion.

Plaintiff has failed to allege facts that demonstrate violations of his constitutional rights, as

7

well as the elements of gross negligence. By bringing forth these claims as legal conclusions without factual support, Plaintiff has failed to move his assertions from merely possible to plausible. *Iqbal*, 556 U.S. at 668 (". . . a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (emphasis added).

Because Plaintiff's underlying constitutional claims have failed on the face of these allegations and Plaintiff has provided no elements in his Objection to support his claims of illegal confinement, false imprisonment, conspiracy, and gross negligence, Plaintiff's claims for each of these causes of action fail.

## IV.   CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge, (ECF No. 11), and **OVERRULES** Plaintiff's Objections. Plaintiff's action is **DISMISSED** *without prejudice*.

**IT IS SO ORDERED**

*J. Michelle Childs*
United States District Judge

June 19, 2020
Columbia, South Carolina